# Lycoming Fire Insurance Company *versus* Rought.

1. If a member of a mutual insurance company is in default in the payment of an assessment on his policy, after due notice according to the bylaws and rules of the company, the protecting power of the policy is suspended until the assessment is paid.

2. A resolution by a board of directors of a mutual insurance company levying a certain percentage on the premium notes of all the members of said company, but without specifying the names of all said members and the precise sum required to be paid by each, constitutes a good and valid assessment upon each and every one of them.

March 15th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas, of *Wyoming county:* Of January Term 1881, No. 87.

Covenant, by Leonard Rought, Jr., against the Lycoming County Mutual Insurance Company, upon a policy of fire insurance. The defendant pleaded specially, inter alia, " that by the contract of insurance entered into by plaintiff and defendant, the said plaintiff expressly promised and agreed to pay all premiums or assessments within thirty days after notice of the levy and demand for the same ; that a levy and assessment had been duly and regularly levied and made, and due and legal notice thereof given to said plaintiff and demand for the amount of said levy and assessment for more than thirty days before said alleged damage or loss by fire, and the said plaintiff neglected and refused to pay the same ; that it was expressly agreed that said policy should not be in force if said plaintiff neglected or refused to pay said assessments, and that said plaintiff was in default when said loss occurred," &c.

On the trial, before INGHAM, P. J., the following facts appeared : On February 10th 1870, the Lycoming County Mutual Insurance Company issued to the plaintiff a policy of fire insurance on the mutual plan, insuring a tannery and contents, situate in Nicholson township, for $1266. In consideration thereof, the plaintiff gave his premium note for $316.50, which amount he thereby promised to pay " in such proportion and at such time or times as the directors of said corporation may, agreeably to their act of incorporation, require." He made a cash payment of $15.82 on the date of the note, and paid two assessments, Nos. 27 and 28, levied in September 1870, and in September 1871, respectively. The property was destroyed by fire on March 1st 1872. The company resisted payment on the ground that the plaintiff was in default, and his policy suspended, by reason of non-payment within thirty days after notice and demand of an additional assessment known as No. 29, made by the directors October 19th 1871. The plaintiff contended that this assessment was not lawfully made. The minute-book of the company showed, that at a meeting of the

[Lycoming Fire Ins. Co. *v.* Rought.]

directors on the 19th October 1871, the following resolution was adopted :—

" Whereas, the losses by fire in Pennsylvania have been heavy within the last few months, and recently an extraordinary fire has occurred in the city of Chicago, involving a large amount of loss to the company, therefore resolved, that an assessment of twelve and a half per cent. be mad'e on all premium notes held by the company, and in force on the 10th day of October A. D. 1871.''

On or about November 9th 1871, the following notice was served on the plaintiff :—

" $39.56.                    Nicholson, Pa., November 9th 1871.
· " Leonard Rought, Jr.

" You are hereby notified that an assessment, No. 29, dating from October 10th 1871, is due the Lycoming Fire Insurance Company, as authorized by the board of directors, amounting to $39.56, which you are required to pay within thirty days from the date of this notice, in accordance with the charter and by-laws of the company, in such case made and provided.

" For your information, the following by-law of the company is annexed : ' Whenever an assessment shall have been made upon the premium notes, and the same is not paid within thirty days after having been demanded by the company, through their agents or receivers, the policy of insurance given upon such notes shall be null and void, until the said assessment be paid, and the directors shall· retain such premium notes and collect thereon such sum or sums so assessed.'

KELLOGG & SMITH, Receivers.''

The plaintiff failed to pay the said assessment No. 29.

The plaintiff presented the following points :—

1. That a demand upon the plaintiff to pay an alleged assessment and his failure to pay it within thirty days thereafter would not forfeit the policy unless an assessment had actually .been made on the premium note of the plaintiff, and there is no evidence in the case that such an assessment had been made.

2. That a resolution to make an assessment is not the assessment itself.

Ans. " Both of these points we affirm, and have already stated to you more at large in our charge."

The defendant presented, inter alia, the following points :—2. The directors of the company, having acted in good faith and in accordance with their act of incorporation and by-laws in the making of assessment No. 29, and no evidence of gross mistake or fraud having been produced to impeach their action in making the same, the assessment must be considered valid in law and binding upon the assured.

Ans. " There is no evidence which calls into question the    .

[Lycoming Fire Ins. Co. v. Rought.]

good faith of the company.   The court decline to say to the jury that the assessment must be considered valid in law and binding upon the assured."

In the general charge, the court said, inter alia:

" The defence to the plaintiff's claim is that the plaintiff neglected to pay his assessment on his premium note for more than thirty days after demand, and that the loss occurred while such assessment remained unpaid.   This would be a good defence if both facts alleged were established by the evidence—the demand for the payment of an assessment and neglect to pay it, was proven.   But the fact of the assessment is not sufficiently established.   The burden is upon the company of proving the assessment; it is an official act of the officers of the company, and the proof should be clear and satisfactory.   The minute-book of the company has been given in evidence, showing that on the 19th of October 1871, a resolution was passed by the board of directors, as follows : * * *

" This is the first step in making an assessment, but the act is not complete until the officers designate the amounts to be paid by each individual whose promissory note is held by the company.   Such a statement is essential to the business of collecting; it is preliminary to the issuing of partial duplicates to the several collectors, and it is important to every stockholder in the company. [While perhaps the form of this record is immaterial, yet it cannot be an assessment if it does not set forth the name of the maker of the note and the amount assessed upon it.   There is no evidence that such an assessment was made on the premium note of the plaintiff in this case, nor does the notice of an agent that such an assessment had been made supply the defect.   Notice that something had been done, which had not been done, is a mere nullity."]

Verdict and judgment for the plaintiff for $1742.   The defendant took this writ of error, assigning for error, inter alia, the answer to the defendant's second point and the portion of the charge quoted in brackets.

*Jacob A. Hazen* and *William M. Piatt*, for the plaintiff in in error.—The judge was clearly wrong in his statement of the law that assessment No. 29 was not a legal assessment on the plaintiff, because his name and the precise sum assessed on him did not appear in the resolution levying it.   The notice to the plaintiff supplied the necessary information, and the plaintiff, by failing to pay within thirty days, or before the fire took place, had no right to recover : Hummel's Appeal, 28 P. F. Smith 320 ; Buckley *v.* Ins. Co., 2 Norris 303 ; Crawford County Ins. Co. *v.* Cochran, 7 Id. 230 ; Washington Ins. Co. *v.* Rosenberger, 3 Id. 373.   In Hummel's Appeal, *supra*, this court decided the validity of this very assessment No. 29.

1 Outerbridge—27

*Sittser & Harding* and *Charles E. Terry*, for the defendant in error.—An assessment is not valid unless it names the party assessed and states the amount. In other words the company cannot assess a man's premium note without saying so, any more than a county can tax an individual without assessing him by name: Catlin *v.* Smith, 2 S. & R. 267 ; Greenough *v.* Fulton Coal Co., 24 P. F. Smith 500, 501.

Mr. Justice MERCUR delivered the opinion of the court May 2d 1881.

It is well settled, if a member of a mutual insurance company is in default in the payment of an assessment on his policy, after due notice according to the by-laws and rules of the company, the protecting power of the policy is suspended until the assessment is paid. No recovery can be had for a loss sustained during the continuance of such default: Hummel Appeal, 28 P. F. Smith 320 ; Columbia Ins. Co. *v.* Buckley, 2 Norris 293 ; Washington Mutual Fire Ins. Co. *v.* Rosenberger, 3 Id. 373 ; Crawford County Mutual Ins. Co. *v.* Cochran, 7 Id. 230.

The main contention here is, whether the alleged assessment was actually made on the 19th of October 1871. It is known as assessment No. 29. The minute-book of the company duly proved, shows that a meeting of all the directors was held on that day, and the following preamble and resolution were adopted : " Whereas the losses by fire in Pennsylvania have been very heavy within the last few months, and recently an extraordinary fire has occurred in the city of Chicago, involving a large amount of loss to the company, therefore Resolved, that an assessment of twelve and a half per cent. be made on all premium notes held by the company, and in force on the tenth day of October 1871." The secretary of the company testified that, in pursuance of that resolution, an assessment was made on all the premium notes, as directed by the board of directors. Among the others, an assessment was made on the premium note of the defendant in error. H. A. Smith testified that he, as agent of the company, sent a notice of this assessment, No. 29, to the defendant in error about the first of December 1871. The learned judge thought there could be no assessment that did not set forth the name of the maker of the note, and the amount assessed upon it, and therefore charged there was no evidence that such assessment was made on the premium note of the defendant in error, nor did the notice of an agent, that such an assessment had been made, supply the defect.

In holding that an assessment could not be valid unless the resolution levying it set forth the name of the defendant in error, and the sum assessed on his note, there was error. We believe a reference to the maker of each note by name is unusual and wholly unnecessary. The resolution covered all notes in force at the date

[Lycoming Fire Ins. Co. *v.* Rought.]

specified. It imposed a specific percentage on each. That is certain which may be made certain. It was very easy to ascertain the sum imposed on each note. The work was merely clerical, and could be readily performed by any person who understood the multiplication table. The precise sum he was required to pay was ascertained and stated in the notice sent to him. He was therein required to pay the specific sum within thirty days, and also reminded of the by-law which declared the policy to be null and void unless so paid. It is true a notice of an assessment, when, in fact, none had been made, would not supply the defect. But that is not this case. The notice showed him the precise sum the percentage produced, and relieved him from making the calculation. Levying a specific percentage on a note of a certain and fixed amount, is wholly unlike fixing a rate of taxation on land on which the valuation is not yet ascertained. Until the valuation of the land is determined, no computation can show the sum to be paid.

There is some force in the argument of the counsel for the defendant in error, that the record does not show clearly what portion of the deposition was received in evidence. There is, however, an assignment to meet each view of the case. If the part to which we have referred was rejected, it was error. If it was admitted, then it was error to charge there was no evidence of an assessment.

Much useless contention appears to have arisen on the trial, when the witnesses on the part of the plaintiff in error referred to the amount of the premium note. The amount of it was distinctly stated on the foot of the policy which the defendant had already given in evidence. We think the evidence was amply sufficient to submit to the jury to find whether the assessment had been made. In so far as the objections covered by the assignments are in conflict with this opinion they are sustained.

Judgment reversed, and a *venire facias de novo* awarded.