# Shay *v.* Phœnix Accident & Sick Benefit Association, Appellant.

*Insurance—Health insurance—Forfeiture—Waiver.*

Refusal of an insurance company to pay a loss on a specified ground, estops it from asserting other grounds relieving it from liability of which it had full knowledge, where the insured had incurred expense and brought suit in the belief that the only objection was that stated.

Waiver is essentially a matter of intention, and to establish it there must be some declaration or act, from which the insured might reasonably infer that the insurer did not mean to insist upon a right which because of a change of position induced thereby would be inequitable to enforce. Waiver may be inferred from acts of the insured which show either recognition or denial of liability exclusively on other grounds.

Where a premium upon a policy of insurance is not paid until fourteen days after it becomes due, but the insurance company subsequently accepts payment of premiums for four successive months, the company cannot in an action on the policy maintain that the policy was forfeited by the delay in payment for fourteen days.

Argued May 9, 1905. Appeal, No. 140, April T., 1905, by defendant, from order of C. P. Butler Co., March T., 1904, No. 55, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Karl Shay, by his next friend, Mary Shay, v. Phœnix Accident and Sick Benefit Association. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a policy of insurance. Before GALBREATH, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*S. Cummings*, with him *A. E. Reiber*, for appellant, cited: Knerr v. Bradley, 105 Pa. 190 ; Ellis v. Alta Friendly Society, 16 Pa. Superior Ct. 607 ; Wick v. Accident Order, 21 Pa. Superior Ct. 507 ; Rhule v. Diamond Colliery Accident Fund, 13 Pa. Superior Ct. 416 ; Dunshee v. Travelers' Ins. Co., 25 Pa. Superior Ct. 559.

*Joseph B. Bredin*, for appellee, cited : Mauck v. Merchants'

& Manufacturers' Fire Ins. Co., 54 Atl. Repr. 952; Bennett v. Life Ins. Co., 104 Ill. App. 402; Bennett v. Union Cent. Life Ins. Co., 203 Ill. 439 (67 N. E. Repr. 971); Loesch v. Union Casualty & Surety Co., 176 Mo. 654 (75 S. W. Repr. 621); Munz v. Life & Accident Ins. Co., 26 Utah, 69 (72 Pac. Repr. 182); Hunt v. State Ins. Co., 92 N. W. Repr. 921; Galvin v. Life Ins. Co. 24 Ky. Law Repr. 2452 (74 S. W. Repr. 275); Aetna Ins. Co. v. Jacobson, 105 Ill. App. 283; Seely v. Manhattan Life Ins. Co., 72 N. H. 49 (55 Atl. Repr. 425): Gole v. Accident Ins. Co., 81 N. Y. Supp. 901; White v. Life Ins. Co., 22 Pa. Superior Ct. 501; Connecticut Fire Ins. Co. v. Hilbrant, 73 S. W. Repr. 558; Grattan v. Ins. Co., 80 N. Y. 281.

OPINION BY ORLADY, J., July 13, 1905:

This suit was brought to recover on a policy issued by an accident and sick benefit association, and the only question in controversy is whether the defense set up by the defendant company, in declaring the policy forfeited by reason of the nonpayment of a monthly installment, shall prevail.

The policy is dated April 15, 1903, when the membership fee of $5.00 was paid, and by its terms the further payment of $1.00 in advance, on or before the 15th day of each and every month, during the continuance of the policy, was required, to continue it in force. Ten monthly installments were paid. The one maturing on October 15, 1903, was not paid until fourteen days thereafter. The payments preceding this one, were made from one to three days after their maturity and were accepted by the company without any objection. The ones following were paid on November 18, December 14, January 15, and February 15, without objection or notice of a precedent default.

The plaintiff was taken ill with typhoid fever in November, 1903, when a prompt notice was served upon the defendant association, and the local secretary informed the mother of the plaintiff, in reply to inquiry she made as to whether the company had received the notice, that " it had, and everything was all right."

On plaintiff's return to health a demand was made on January 22, 1904, for the payment of the amount due to him under

the policy, when he was informed that the policy had lapsed, for the reason that the payment of the installment due on October 15 had not been made when due, and this was the sole justification given for the nonpayment of the amount claimed. The record discloses that, with knowledge of all the facts, the local agent received the monthly installments subsequently becoming due and transmitted them to the company, who made no protest to the agent, and gave no notice to the insured of the lapsing of the policy.

The affidavit of defense, which denies the allegations set out in the plaintiff's claim, as to the presentation of the claim, and the reason given by the company for refusing to pay, is so indefinite and uncertain that there is no substantial contradiction of any fact relied upon by the plaintiff. It is to be presumed that the agent swore as strongly as his conscience would permit, and that he did not make direct denial of the material facts for the reason that he could not in truth do so.

In McCormick v. Royal Insurance Company, 163 Pa. 184, Mr. Chief Justice STERRETT adopts the language of Mr. Chief Justice CHURCH in New York Court of Appeals, in Brink v. Insurance Company, 80 N. Y. 108, as follows: " Every consideration of public policy demands that insurance companies should be required to deal with their customers with entire fairness and frankness. They may refuse to pay, without specifying any ground, and insist upon any available ground, but when they plant themselves upon a specific defense, and so notify the insured, they should not be permitted to retract after the latter has acted upon their position as announced, and incurred expenses in consequence of it." Which rule is quoted approvingly by Mr. Justice GREEN in Earley v. Mutual Fire Insurance Company, 178 Pa. 631.

In Freedman v. Fire Association, 168 Pa. 249, it is stated: " The trend of our decisions has been to hold insurance companies to good faith and frankness in not concealing the ground of defense and thus misleading the insured to his disadvantage. They may remain silent except when it is their duty to speak and the failure to do so would operate as an estoppel; but having specified a ground of defense, very slight evidence has been held sufficient to establish a waiver as to other grounds. Refusal of an insurance company to pay a loss

on a specified ground, estops it from asserting other ground relieving it from liability of which it had full knowledge, where the insured had incurred expense and brought suit in the belief that the only objection was that stated : McCormick v. Royal Insurance Company, 163 Pa. 184.

Waiver is essentially a matter of intention, and to establish it there must be some declaration or act, from which the insured might reasonably infer that the insurer did not mean to insist upon a right which because of a change of position induced thereby it would be inequitable to enforce. Waiver may be inferred from acts of the insured which show either recognition or denial of liability exclusively on other grounds : Freedman v. Insurance Company, 175 Pa. 350 ; Hower v. Insurance Company, 9 Pa. Superior Ct. 153 ; White v. Life Insurance Company, 22 Pa. Superior Ct. 501.

The company might have stood on the literal construction of its own rules, and given the insured notice of the lapsing of the policy on October 16, 1903, by reason of the nonpayment of the monthly installment, which was due the previous day. The office record made to that effect is so directly contradicted by the subsequent acts of the agent and the company in the continuous receipt of the monthly installments for several months, that it might reasonably be taken to be an annulment of its order and a waiver of the defect in the plaintiff's claim, if there had been one. Moreover, the defendant's agent knew of the action of the company at the time he accepted the monthly installment for October, fourteen days after it was due, and continued to receive monthly installments up to and including February 15, 1904. Such conduct is not to be reconciled with the good faith, fairness and frankness that is required of insurance companies, and they must be taken to have waived the nonpayment of the monthly installment due on October 15, which in this action is made the sole defense to the demand of the plaintiff's claim. The learned judge below amply vindicated his entry of judgment for want of sufficient affidavit of defense, in his opinion filed.

The judgment is affirmed.