## Cooper *v.* Belt Automobile Indemnity Association, Appellant.

*Insurance—Automobile collision—Forfeiture—Waiver.*

Failure of the insured to make payments due upon his automobile collision insurance forfeits his right to protection, where it is so provided by the policy, and no act or declaration of forfeiture is necessary on the part of the insurer.

In an action upon a policy to recover on account of damages sustained after such default in payment, it was error to hold that proof of receipt of a notice of default, calling upon the insured to reinstate his insurance by making payment of the sum then overdue, would support a finding that the forfeiture had been waived by the insurance company.

Argued May 2, 1922. Appeal, No. 100, April T., 1922, by defendant, from judgment of C. P. Allegheny Co., July T., 1921, No. 3846, reversing judgment of the County Court of Allegheny County, in the case of Harry Cooper v. The Belt Automobile Indemnity Association. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for allowance of an appeal from judgment of the County Court of Allegheny County. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

Trial in the county court resulted in a verdict for plaintiff in the sum of $1,254 and in that court, judg-

480  COOPER *v.* BELT AUTO. INDEMNITY ASSN., Appel.

Statement of Facts—Opinion of the Court. [79 Pa. Superior Ct.

ment was subsequently entered for defendant non obstante veredicto. Upon appeal to the common pleas, judgment was reversed and the county court was directed to enter iudgment on the verdict. Defendant appealed.

*Error assigned* was the judgment of the court.

*D. H. McConnell,* for appellant.—Waiver is a matter of fact which the plaintiff must establish, and, in the case at bar, he made no effort to meet the requirements of law in that respect: Iowa Life Ins. Co. v. Lewis, 187 U. S. 335; Davison v. Ins. Co., 189 Pa. 132; Moore v. Niagara Fire Ins. Co., 199 Pa. 49.

*Howard Zacharias,* and with him *Harry Shapera,* for appellee.—The retention of the premium constituted a waiver: Mills v. Penna. Mutual L. S. Ins. Co., 57 Pa. Superior Ct. 483; Gaskill v. Pittsburgh L. & T. Co., 261 Pa. 546.

OPINION BY GAWTHROP, J., July 13, 1922:

This is a suit on a policy of insurance covering collision damage to an automobile. The facts are not in dispute. Plaintiff was insured in appellant company under a contract in force from May 10, 1920, to May 10, 1923, unless sooner terminated by plaintiff's forfeiting his rights by failure to make his deposits. On June 10, 1920, plaintiff received notice from the company that the semiannual deposit would be due on or before July 10, 1920. He sent the deposit on July 19, 1920. It was received and credited to plaintiff's account by the company on July 22, 1920. On July 21, 1920, plaintiff had an accident to his automobile and suffered a loss. The company, without notice of the loss, reinstated plaintiff under the policy on July 22, 1920, as of July 10, 1920. On July 20, 1920, the company wrote to plaintiff, urging him to pay his overdue deposit, saying: "The return of the attached card together with your semiannual pre-

mium as stated thereon will reinstate your protection and place it fully in force for the following six months' period." The card referred to contained an application for reinstatement and a statement of the amount of the deposit which was due. At the bottom of the card was the following: "If you have already forwarded this deposit, kindly disregard this notice." This appeal is from the judgment of the common pleas entering judgment on the verdict of the county court.

One of the provisions of the contract of insurance is: "Any subscriber failing to deposit the amount called for by the attorneys within thirty days from the date such call is mailed, directed to him at his last known address as shown by the records of the association, shall forfeit all his rights as a subscriber of said association so far as losses subsequently incurred by him are concerned; provided, he may be reinstated within such time and for such period and on such terms as may be stipulated by the attorneys-in-fact; and, provided, further that all losses and claims arising or occurring, or all accidents happening after such forfeiture of subscriber's rights and prior to date of reinstatement shall not be covered or allowed by said association." Defendant asserts a forfeiture under this clause of the policy. On the other hand, plaintiff contends that defendant, by its conduct, waived its right to enforce a forfeiture. Conceding that by acceptance of the deposit on July 22, 1920, the policy was restored to life as of that date, it does not follow that plaintiff was protected against a loss happening prior to that date but after July 10, 1920. The consequence of the default of the insured in not paying the deposit when due was that the policy thereupon ceased to bind the company and protect the insured, and this without any act or declaration on the part of the company: Lantz v. Insurance Company, 139 Pa. 546. The payment of the deposit was not made until after the loss, and the policyholder has no right to maintain this action without showing that the default in the payment

of the deposit was either waived or excused by the company. Defendant does not allege an express waiver, and the only act which the company did prior to the loss, to which the insured points as evidence of waiver, is the letter sent to plaintiff the day before the accident, urging him to pay his overdue deposit and reinstate himself and stating: "If you have already forwarded this deposit, kindly disregard this notice." This does not even tend to establish a waiver, but called upon the insured to reinstate himself by payment of the deposit which was due. It was express notice of the suspension of the policy and taken as strongly as possible against the company, was a promise to reinstate the insured under the policy at once when the deposit arrived. But the deposit was received after the loss, and the acceptance of it merely reinstated the policy as of the date of its receipt. It would serve no useful purpose to review the law upon the subject of implied waiver of conditions in an insurance policy. Adopting the language of Judge ORLADY, in Shay v. Phœnix Benefit Assn., 28 Pa. Superior Ct. 527, "Waiver is essentially a matter of intention, and to establish it there must be some declaration or act, from which the insured might reasonably infer that the insurer did not mean to insist upon a right which because of a change of position induced thereby it would be inequitable to enforce."

In the present case, there is not only an absence of any acts or declarations tending to induce a reasonable belief that the company had waived a forfeiture under the contract, but the acts and declarations were notice to plaintiff that the policy had lapsed and could be reinstated only when the overdue deposit was received by the company. The court below fell into error in holding that there was evidence in the case to support a finding by jury that defendant had waived its right to enforce the forfeiture clause in the policy.

The assignments of error are sustained, judgment is reversed and the record remitted to the court below with direction to enter judgment in favor of the defendant.