# Blackburn, Appellant, *v.* Friend's Cove Farmers' Mutual Fire Insurance Co.

*Insurance—Fire insurance—Premiums—Failure to pay—Suspension of terms of policy—Reinstatement.*

In an action of assumpsit on a policy issued by a mutual fire insurance company, the contract of insurance provided, among other things, that "dues not paid within 60 days after due will render a policy void, until said dues are paid." It also contained provisions authorizing the directors, at their option, to annul the policy whenever an assessment duly made was not paid within 30 days after the same had been duly demanded by the company, and a five day cancellation clause contained in the standard stock company form of policy.

While the policy was in force the Board of Directors of the defendant company met in regular session, and levied an assessment of eight percent upon the members to pay losses and necessary expenses incurred. Notices of this assessment were sent out and were received by the plaintiff. The notice contained a warning that five percent would be added to all accounts not paid within sixty days, and that after thirty days from that date all accounts would be placed for collection, and that the part of the policy relative to the non payment of dues would be strictly enforced. The plaintiff did not pay the assessment, and the account was placed in the hands of a justice of the peace for collection.

More than sixty days after the plaintiff had received the first notice of assessment, his dwelling and personal property covered by the policy were destroyed by fire, and three days later he paid the

assessment to the justice. Subsequently the plaintiff sought to recover on the policy, contending that while under the terms of the contract the directors might have cancelled the policy, they did not do so, and that he was, therefore, entitled to recover.

*Held*, that the provision requiring payment within sixty days clearly provided for an automatic suspension of the policy until such dues were paid. The policy was not annulled or cancelled, but it was suspended as soon as the insured allowed the sixty days to go by after he received notice of his assessment without paying it. The suspension was removed and the policy restored to operation whenever the assessment was paid before the directors annulled or cancelled the policy, but if a loss occurred during the period of suspension, the insured could not recover.

Argued October 25, 1926. Appeal No. 3, October T., 1926, by plaintiff from judgment of C. P. Bedford County, September T., 1924, No. 24, in the case of Preston Blackburn v. Friend's Cove Farmers' Mutual Fire Insurance Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit on policy of insurance. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,041.50. Subsequently the Court, on motion, entered judgment in favor of defendant non obstante veredicto. Plaintiff appealed.

*Error assigned*, among others, was in entering judgment for defendant.

*B. F. Madore*, and with him *E. M. Pennell*, for appellant.

*Simon H. Sell*, for appellee.

OPINION BY KELLER, J., March 3, 1927:

This case was rightly decided in the lower court.

The policy in suit was issued by a mutual fire insurance company. The plaintiff paid a small initial

fee and gave his premium note upon which assessments were to be levied as required. The policy provided that "dues not paid within 60 days after due will render a policy void, until said dues are paid." It also contained provisions (1) authorizing the directors, at their option, to annul the policy whenever an assessment duly made was not paid within thirty days after the same had been duly demanded by the company; and (2) the usual five day cancellation clause contained in the standard stock company form of policy (Act of May 17, 1921, P. L. 682, p. 737).

It is undisputed that while the policy was in force the board of directors of the defendant company, on October 8, 1923, met in regular session and levied an assessment of 8% upon the members to pay losses and necessary expenses incurred. Notices of this assessment were sent out on the 27th, 28th and 29th days of November 1923, one of which was received by the plaintiff early in December of that year. The notice contained this warning: "To all accounts not paid within sixty days 5% will be added, also after thirty days from that date all accounts will be placed for collection, and that part of our policy relative to non-payment of dues will be strictly adhered to." By direction of the board a second notice was sent on February 9, 1924 to delinquent policyholders. The plaintiff did not pay the assessment, and the account was placed in the hands of a justice of the peace for collection.

On March 18, 1924, more than sixty days after plaintiff received the first notice of assessment, his dwelling and personal property covered by the policy were destroyed by fire, and on March 21, 1924, he paid the assessment to the justice.

Plaintiff bases his right to recover on the fact that the directors took no action to annul or cancel the policy; contending that while, under the terms of the

policy, they might have done so, they did not, and hence he is entitled to recover for his loss. But this by no means follows. The provision of the policy that "dues not paid within 60 days after due will render the policy void, until said dues are paid," clearly provides for an automatic *suspension* of the policy until the dues are paid: Hummel & Co.'s Appeal, 78 Pa. 320, 324; Columbia Ins. Co. v. Buckley, 83 Pa. 293; Lantz v. Vermont Life Ins. Co., 139 Pa. 546, 561. The policy is not annulled or cancelled, but it is suspended as soon as the insured lets sixty days go by after he receives notice of an assessment, without paying it. The suspension is removed and the policy restored to operation whenever the assessment is paid before the directors annul or cancel the policy, but if a loss occurs during the period of suspension the insured cannot recover. This is settled by numerous decisions of the Supreme Court and this court, among which may be mentioned, Washington Mut. Fire Ins. Co. v. Rosenberger et al., 84 Pa. 373; Crawford County Mut. Ins. Co. v. Cochran, 88 Pa. 230, 235: Lycoming Fire Ins. Co. v. Rought, 97 Pa. 415; Knouse v. Mut. Fire Ins. Co., 78 Pa. Superior Ct. 542. The sending out of a second notice did not operate to postpone the date when, under its terms, the policy became suspended for default in payment of the assessment.

It follows that the learned court below committed no error in entering judgment for the defendant non obstante veredicto.

The judgment is affirmed.