### Garfield *v.* United Tarascha Rekitner Beneficial Association, Appellant.

Argued October 25, 1928.

Before Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Paul M. Wintrob,* for appellant.

No book or appearance for appellee.

Opinion by Trexler, J., January 25, 1929:

The plaintiff claims five hundred dollars from the defendant, a fraternal mutual beneficial association. Her husband died October 22, 1925, and for sometime prior thereto was a member of the defendant association and she claims the above sum as his widow. There are two articles of the by-laws of the society which must be construed in order to come to a decision of the matter involved.

"Article 10. Section 1. Arrears: Every member who does not pay his payments such as endowment and other assessments within a period of fourteen

days after the general meeting shall be considered in arrears and in such event, he shall lose all the benefits of the society, except burial, if he has paid therefor, and shall not be entitled to such benefits until fourteen days after having paid his arrearages."

"No. 3. Fourteen days after the general meeting has passed, and a member did not pay his full amount of dues or assessment" (whatever it is), "the secretary should right away report it to the member, through a registered letter, that he is in arrears, and if he don't pay the amount at the next meeting, then he will be suspended. If the member does not pay his dues or arrears then the secretary should notify him by registered letter or notice. Then he and his wife are legally stricken off from the list as a member of the society."

The last dues were paid by the deceased on July 19, 1925. The next became due on October 4, 1925. The general meeting referred to in the above quoted by-law (Section 1) was held October 4, 1925. He failed to pay them in fourteen days and after said period had elapsed, he ceased to be, in common parlance, "beneficial" and having died on the 22nd, his widow was not entitled to death benefits.

The court held that section 3 prolonged the period during which he could pay his dues and continue to be beneficial and that the procedure indicated in section 3, supra, had to be followed: to wit, fourteen days after the general meeting must pass in which time the member could pay and if non-payment continued through that period, then the secretary must send a registered letter and after that the member has the option to wait until the next meeting, when if he did not then pay his dues and settle his arrears, he would be suspended and after notice, be stricken off from the list.

We are all of the opinion that these sections cover

different subjects and they are not so inter-related that they must be construed as applying to the same subject. Article 10, section 1, is a provision in regard to benefits. As soon as a person is in arrears, his benefits cease after the expiration of fourteen days after the general meeting. This does not forfeit his membership, it merely deprives his survivors of benefits in the event of his death. He may pay his arrearages and after fourteen days be restored automatically to full privileges. It is a familiar fact in fraternal societies that a man may be non-beneficial and still continue to be a member of the society. Suspension and expulsion, treated respectively in sections 1 and 3, are entirely different subjects. The two sections must be so considered so as to give each its value. If we consider them together, much of the first section of Article 10 would be useless and covered by section 3.

The case of Blackburn v. Farmers Ins. Co., 89 Pa. Superior Ct. 569, applies by analogy to the present one. There in a fire insurance company policy there was a provision that dues not paid within sixty days rendered the policy void until such dues were paid. This, we held, was a provision for automatic suspension of the policy until such dues were paid, but that another provision giving the right to the directors to annul the policy wherein an assessment was made and payment not made for thirty days after demand did not postpone the date when under its terms the policy became suspended. Suspension was one thing, cancellation another and that each provision was construed in relation to its separate subject. So here, section 1 relates to the loss of benefits; section 3 to forfeiture of membership; two separate subjects. The member having failed to comply with section 1, his widow can recover nothing from the association.

The judgment is reversed and is now entered in favor of the defendant.