## Mackie, Appellant, *v.* Prudential Insurance Company of America.

Argued March 12, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and KENWORTHEY, JJ.

*John W. Bour,* for appellant.

*A. F. Vosburg,* of *Vosburg & Vosburg,* for appellee.

OPINION BY KENWORTHEY, J., April 15, 1942:

The court entered judgment for defendant on an affidavit of defense raising questions of law. Plaintiff appeals.

The action is on a life insurance policy. For our purposes, the facts are those alleged in the statement of claim. The policy was issued November 3, 1930 on the life of Ernest O. David, appellant's father. All premiums were paid monthly until, and including, the one due November 3, 1934. The only payment after that date was made on March 7, 1935, when the insured made a payment of $9.06, which was sufficient to pay two monthly premiums ($4.53 each). Appellee credited this payment to the premiums due December 3, 1934 and January 3, 1935. The insured died March 29, 1935. After receiving notice of the death, appellee notified appellant that the policy "was cancelled for non-payment of the monthly premium due February 3, 1935 and was null and void on date of death."

Appellant contends that by acceptance of the premium on March 7, 1935, appellee "must be held to have waived payment of the premium due February 3, 1935, or to have waived forfeiture for non-payment of the

same and is estopped from asserting said premium was not paid, or from forfeiting said policy for the non-payment of the same."

The policy provides: "The payment of any premium shall not maintain the Policy in force beyond the date when the next payment becomes due, except as to the benefits provided for herein after default in premium payment;" and, "If this Policy be lapsed for non-payment of premium it will be reinstated at any time after the date of lapse upon written application and payment of arrears of premiums ...... and provided evidence of the insurability of the Insured satisfactory to the Company be furnished." No steps were taken to have the policy reinstated. See *Lang v. Bowen*, 125 Pa. Superior Ct. 226, 189 A. 743.

The sole question is whether there was a waiver or an estoppel.

Although the law appears to be otherwise in some jurisdictions,[1] this court has held that the acceptance by an insurance company of some, but less than all the premiums which are delinquent, will not of itself operate as a waiver of the company's right of forfeiture for lapse of premiums. In *Selby v. Equitable Beneficial Mutual Life Ins. Co.*, 143 Pa. Superior Ct. 131, 17 A. (2d) 696, we said at p. 135 (PARKER, J.) : "The mere payment of a part of the arrears of itself formed no basis for a claim that the company waived the conditions of the policy. The fair inference from the facts proven is that [the insured] did not wish to get any farther in default so that when she had funds available she could bring the payments up to date."

By accepting the payment on March 7, applying it to the premiums due December 3 and January 3, and declaring the policy cancelled for failure to pay the

---

[1] *Bankers' Health & Life Ins. Co. v. Givvins*, 12 Ga. App. 378, 77 S. E. 203; *Floyd et al. v. Life & Casualty Ins. Co.*, 148 S. W. (2d) 620 (Mo. 1941); *De Frece v. National Life Ins. Co.*, 19 N. Y. S. 8, aff'd, 136 N. Y. 144, 32 N. E. 556.

February 3 premium, appellee may have waived the right of forfeiture for the December 3 and January 3 defaults. See *Poles v. State Mutual Benefit Society,* 129 Pa. Superior Ct. 297, 195 A. 429. If it had treated the payment merely as a deposit, had stood on the original default, and, after death, had offered to return the amount paid on March 7, this case would be on all fours with the Selby Case. At first blush, it may appear that appellee accepted and now retains a premium with knowledge that the insured could get no benefit from it. But that is not true. The policy contains an "Automatic Extended Insurance" clause. That clause provides that if the policy should lapse or become forfeited, the company "will put in force in lieu of this Policy, without any action on the part of the Insured, a participating Paid-up Term Policy for the Face Amount of Insurance under this Policy ......" The length of the term of the Paid-up Policy is governed by the policy's net cash surrender value. Thus, although the acceptance of the premium on March 7 did not reinstate the original policy, it did have the effect of adding to the insured's equity in it and of effecting a corresponding extension of the term of the new policy which the company was bound to put in force. And because in this case appellant may be in a position to prove that David was, at the time of his death on March 29, covered by the insurance provided for in this clause, we think the lower court was wrong when it said that "the statement [of claim] is not capable of being amended to overcome the legal objections thereto, ......"

The Poles Case is distinguishable for the reasons which we pointed out in the Selby Case.

Judgment is reversed and the record returned to the court below with directions to enter an appropriate order sustaining the affidavit of defense raising questions of law, but with leave to the plaintiff to file an amended statement of claim within fifteen days from the date thereof.