553 A.2d 450

**Marjorie M. HOLLAND, Appellant,**

**v.**

**FEDERAL KEMPER INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1988.

Filed Feb. 1, 1989.

Charles A. Bierbach, Huntingdon, for appellant.

Michael W. Chorazy, Hollidaysburg, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

Appellant was involved in an automobile accident on September 13, 1983, allegedly while insured by appellee. She was sued in common pleas court but the case was settled prior to trial for $9,397.49 and appellant now seeks to recover this amount from appellee as well as other costs she incurred which would have been included in her coverage.

The parties stipulated to the following facts. Appellant had automobile insurance, policy # R326631, with appellee for two vehicles she owned, a 1981 Buick and a 1984 American Motors. On May 23, 1983, appellant applied to add a third vehicle and second driver to policy # R326631; she was told the premium would be $166 for the additional insurance coverage and appellee issued her a bill that day to be paid on or before June 12, 1983. The additional vehicle belonged to appellant's son and while he was responsible for the additional premium, the ultimate responsibility for payment under the policy remained with appellant.

On June 17, 1983, appellee sent the July 14, 1983 renewal notice in the amount of $583 in order for appellant to renew policy # R326631, this amount being in addition to the $166 already owed. Appellee received $291.50, one-half of $583, on July 21, 1983, with the balance due 60 days later as per appellee's two-pay plan.

On August 1, 1983, appellee sent a notice of cancellation for non-payment of the $166 additional premium, the cancellation to be effective August 19, 1983. The notice was sent to appellant's current address although she was away for several weeks at a time during this period and made no arrangements to have her mail forwarded. Appellant and her son had agreed, however, that he would hand-deliver a check for the additional premium to appellee's local office.

On September 13, 1983, appellant was in an accident with her 1981 Buick and promptly notified appellee in accordance with her policy. Appellee denied coverage based upon the cancellation notice of August 1, 1983. On October 3, 1983, appellee received the second payment due under the July 14, 1983 policy renewal notice but refunded this amount in addition to $8 which was refunded on September 26, 1983 as unearned premiums for cancellation of policy # R326631.

The parties agree the amount of $291.50 paid by appellant pursuant to the renewal notice was one-half the premium due on the entire policy, namely, coverage for three vehicles and two drivers. The trial court concluded appellee's acceptance of the first renewal payment was insufficient consideration to provide a valid contract of insurance after the effective date of the cancellation notice. The court further found appellee was entitled to cancel policy # R326631 completely for non-payment of the $166 premium.

The sole issue is whether appellee properly denied coverage for appellant's accident based upon the notice of cancellation due to non-payment.[1]

1. We note appellee refunded appellant's second renewal payment as well as $8 on September 26, 1983. The record does not disclose how the refund amount of $8 was computed. Since appellant has not

■ Although appellant argues that acceptance by appellee of one-half the renewal premium proves there was sufficient legal consideration for the insurance contract between them to remain valid through September 13, 1983, we are constrained to follow *Mackie v. Prudential Insurance Company of America*, 148 Pa.Super. 498, 25 A.2d 736 (1942), which holds that acceptance of partial payment for premiums due does not operate as a waiver of the insurance company's right of forfeiture for lapse of premiums. In other words, an insurance company at any time may cancel an insured's policy for lack of timely payment until such time the balance is paid in full.

■ When appellant negotiated with the insurance company to include an additional automobile under the coverage of the policy, this restructured the premium rate and required payment on or before the due date to protect the appellant from cancellation. The additional premium, due by June 12, 1983, was never paid. Notice of cancellation was mailed on August 1, 1983, with cancellation effective August 19, 1983. The notice was sent to appellant's then current address, and it is presumed it was received. The coverage of all three automobiles continued until August 19, 1983, and it is likely that if full payment of premiums due had been made and not rejected by the insurer, coverage would have continued. The accident occurred after the cancellation and any possible grace period. The tender and acceptance of the required periodic premium of $291.50, before notice of cancellation, did not correct the deficiency of $166. The subsequent periodic payment of $291.50 made on October 3, 1983, following the accident and cancellation, likewise did not correct the deficiency, nor did it revive the policy. The company simply treated it as a deposit and its return by the insurance company was timely and proper. The fact that the company sent a renewal notice on the policy after cancellation does not create a binding contract

preserved for review consideration by this Court of the adequacy of its pro ration of premiums, we will not consider that matter.

by the tender of payment by the insured when a deficiency exists. *Mackie, supra.*

In appellant's case, the $166 premium was due on or before June 12, 1983. When that payment was not made, appellee was free to cancel appellant's policy any time thereafter, provided the required notice of cancellation was given. On July 14, 1983, when appellant was notified she owed $583 to renew her policy, that amount was *in addition* to the $166 which' was already one month past due. Therefore, even though appellant paid one-half of the $583, as provided by appellee's payment option, she was still delinquent for nonpayment of the $166, making the $291.50 she did pay only a partial payment of the amount immediately due. Until she paid the total amount due to appellee under their contract terms, she was "at risk" since appellee could cancel the policy for non-payment instead of holding appellant's partial payment, waiting for the balance to be paid. Since the insurer invoked its right to cancel for failure to pay the required premium in full, neither periodic payment could bind the company to the policy coverage once cancellation was effective and premium overpayment was returned.

JUDGMENT AFFIRMED.