**KOLOB HEATING AND COOLING; Mark Matthew Sanson; Brand Thornton, Plaintiffs—Appellants,**

v.

**THE INSURANCE CORPORATION OF NEW YORK; HDR Insurance Services, Defendants—Appellees.**

No. 03–17272.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2005.

Decided Oct. 20, 2005.

---

Thomas Christensen, Esq., Carl J. Christensen, Esq., and Lee K. Hartman, Esq., Christensen Law Offices Chtd., Las Vegas, NV, for Plaintiffs—Appellants.

James P. Silvestri, Esq., Pyatt & Silvestri, Chtd., Las Vegas, NV, for Defendants—Appellees.

Before: PREGERSON, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM *

Plaintiffs–Appellants Kolob Heating & Cooling, Mark Matthew Sanson and Brand Thornton (collectively "Kolob") appeal from the district court's grant of summary judgment to Insurance Corporation of New York ("INSCORP") in this insurance coverage dispute. We affirm.

■ The district court did not abuse its discretion by considering INSCORP's late-filed motion for summary judgment. "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding [a pretrial or-der] ... will not be disturbed unless they evidence a clear abuse of discretion." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002) (quotation omitted). The district court found there was "good cause for the late filing." Moreover, the motion was only four days late, and Kolob has not demonstrated that it was prejudiced by the late filing.

■ Nor did the district court abuse its discretion by considering the unauthenticated documents attached to INSCORP's motion for summary judgment. The parties' joint pretrial order stipulated the monthly reports and cancellation notices were admissible plaintiffs' exhibits, and Kolob failed to object to the admissibility of these documents in its opposition to summary judgment.[1]

There was no error in granting summary judgment to INSCORP, as no material issues of fact precluded such a ruling. Although Kolob argues there is a genuine issue of fact regarding its receipt of the January 2000 monthly report from INSCORP, this dispute is not material because Kolob *did* receive the February 2000 monthly report, which clearly indicated the amount due for the January CA, CP and IM premiums, and no portion of these January premiums was ever paid.

Kolob's argument that its total payments to INSCORP exceeded the premiums due is likewise without merit, because Kolob's deposit was not a premium payment and nothing in the policy required INSCORP to apply the deposit *before* cancelling the policy for nonpayment.

The district court also correctly construed Nevada law regarding cancellation

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Although Kolob did object to the documents at oral argument before the district court, the court denied the motion as untimely. Kolob did not directly challenge this ruling by the district court in its opening brief to this court, and thus has waived any argument regarding the correctness of this ruling. *Paciulan v. George*, 229 F.3d 1226, 1230 (9th Cir.2000).

notices. The cancellation notice itself was properly addressed, and even if the outside envelope was addressed only to the business entity, it is clear from the policy that Brand Thornton was doing business as Kolob Heating & Cooling. The notice also stated the reasons for cancellation with "reasonable precision." *See* N.R.S. § 687B.360.

Kolob also failed to establish a material issue of fact regarding its argument that INSCORP either waived its right to deny coverage or should be estopped from doing so. INSCORP's course of dealing did not suggest that INSCORP would continue coverage without full payment of the premium by the cancellation date. *See Am. Std. Ins. Co. of Wisconsin v. Rogers,* 788 N.E.2d 873, 877–78 (Ind.Ct. App.2003). Acceptance of a partial payment for premiums already earned did not constitute waiver of the unpaid premium. *See Kelly v. Allstate Ins. Co.,* 138 F.Supp.2d 657, 662 (E.D.Pa.2001). INSCORP's investigation of an unrelated April 15 accident did not give rise to estoppel or waiver, because INSCORP did not accept the claim or otherwise indicate there was coverage for the loss. *See* N.R.S. § 687B.240.

Finally, the issuance of insurance cards and certificates of insurance by LaPorta–Clark–Leavitt Insurance Agency ("LaPorta") does not aid Kolob, because Kolob does not assert that LaPorta was acting as an authorized agent for INSCORP in issuing such cards and certificates.

AFFIRMED.